NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 14a0525n.06

No. 13-3864

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
*Jul 17, 2014*
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| MIGUEL ENRIQUEZ-VELASCO | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ON PETITION FOR REVIEW |
| | ) | FROM THE BOARD OF |
| ERIC H. HOLDER, JR., Attorney | ) | IMMIGRATION APPEALS |
| General, | ) | |
| | ) | |
| Respondent. | ) | |

_____/

BEFORE:     MOORE and McKEAGUE, Circuit Judges; and STAFFORD, District Judge.[*]

**STAFFORD, District Judge.**

Miguel Enriquez-Velasco ("Petitioner"), a native and citizen of Mexico, petitions for review of a final order of the Board of Immigration Appeals (the "Board") denying his motion to reopen his removal proceedings. We have jurisdiction under 8 U.S.C. § 1252(a), and we deny the petition for review.

**I.**

Petitioner entered the United States in 1999 without being admitted or paroled. On July 12, 2009, Petitioner was arrested for possession of drugs (marijuana) and possession of drug paraphernalia (a rolled-twenty-dollar bill) in violation of Ohio law. Four days after his arrest,

---

[*] The Honorable William H. Stafford, Jr., Senior United States District Judge for the Northern District of Florida, sitting by designation.

Petitioner pleaded guilty to possession of drug paraphernalia—a fourth-degree misdemeanor under Ohio Rev. Code § 2925.14(C)(1)—and was sentenced to thirty (30) days in the Warren County Jail. The drug possession charge was dismissed. When he was released from custody, Petitioner was turned over to Immigration and Customs Enforcement, an agency within the Department of Homeland Security ("DHS").

On July 20, 2009, DHS initiated removal proceedings against Petitioner by issuing a Notice to Appear, charging that Petitioner was subject to removal as "an alien present in the United States without being admitted or paroled" pursuant to § 212(a)(6)(A)(i) of the Immigration and Nationality Act ("INA"). 8 U.S.C. § 1182(a)(6)(A)(i). On February 24, 2010, Petitioner appeared before an immigration judge ("IJ") and conceded removability under § 1182(a)(6)(A)(i). The hearing was adjourned after Petitioner's counsel advised the IJ that Petitioner would be filing an application for cancellation of removal.

On January 6, 2011, Petitioner again appeared before the IJ, this time to address his application for cancellation of removal. DHS moved to pretermit Petitioner's application for cancellation of removal on the ground that his drug paraphernalia conviction under Ohio Rev. Code § 2925.14(C)(1) rendered him ineligible for cancellation of removal pursuant to INA § 240A(b)(1)(C). 8 U.S.C. § 1229b(b).[1] After being advised that Petitioner did not dispute his conviction for possession of drug paraphernalia, the IJ denied Petitioner's application for cancellation of removal on the ground urged by DHS—namely, that Petitioner's state-court drug-paraphernalia conviction made him ineligible for cancellation of removal. On appeal, the Board upheld the IJ's

---

[1] To be eligible for cancellation of removal, an alien has the burden of proving that he "has not been convicted of an offense under section 1182(a)(2) . . . of this title." 8 U.S.C. § 1229b(b)(1)(C). A "section 1182(a)(2)" offense includes "a violation of . . . any law or regulation of a State . . . relating to a controlled substance (as defined in section 802 of Title 21)." INA § 212(a)(2)(A)(i)(II); 8 U.S.C. § 1182(a)(2)(A)(i)(II).

determination that Petitioner failed to meet his burden of showing that his state conviction for possession of drug paraphernalia did not disqualify him for cancellation of removal under the INA. The Board accordingly dismissed Petitioner's appeal. Petitioner did not seek review of the Board's decision in this Court.

On May 1, 2013, Petitioner filed a timely motion to reopen with the Board, asking for reconsideration of his eligibility for cancellation of removal in light of the Supreme Court's April 23, 2013, decision in *Moncrieffe v. Holder*, 133 S. Ct. 1678 (2013) (holding that, when determining whether an alien's state conviction qualifies as an "aggravated felony" under the INA, the categorical approach must be used to determine whether the state offense is comparable to an offense listed in the INA). In essence, Petitioner argued that, under *Moncrieffe*, his Ohio drug-paraphernalia conviction did not render him inadmissible and ineligible for cancellation or removal because "a rolled 20 dollar bill" is not included in the federal definition of "drug paraphernalia" and because "a rolled 20 dollar bill" does not "categorically" fit within the definition of a corresponding federal offense.[2] The Board denied Petitioner's motion to reopen, explaining that Petitioner "has not established that the Supreme Court's decision relating to whether a state drug conviction may constitute an aggravated felony under the [INA] effects [sic] the Immigration Judge's determination that [Petitioner] has not established that he is statutorily eligible for cancellation of removal."

**II.**

The only decision before this court is the Board's denial of Petitioner's motion to reopen. "A motion to reopen is a form of procedural relief that asks the Board to change its decision in light

---

[2] There is no corresponding federal offense for simple possession of drug paraphernalia.

of newly discovered evidence or a change in circumstances since the hearing." *Dada v. Mukasey*, 554 U.S. 1, 12 (2008) (internal quotation marks omitted).

We review the denial of a motion to reopen for an abuse of discretion. *Haddad v. Gonzales*, 437 F.3d 515, 517 (6th Cir. 2006). An abuse of discretion occurs when the denial of the motion to reopen was made "without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis such as invidious discrimination against a particular race or group." *Id.* (citation & internal quotation marks omitted). "[Q]uestions of law are reviewed *de novo*, but we give substantial deference to the BIA's interpretations of the INA and its accompanying regulations." *Kukalo v. Holder*, 744 F.3d 395, 402 (6th Cir. 2011). Because the Board has broad discretion to grant or deny a motion to reopen, a party seeking to reopen his removal proceedings bears a heavy burden. *Alizoti v. Gonzales*, 477 F.3d 448, 451 (6th Cir. 2007).

## III.

In his motion to reopen, Petitioner sought the Board's reconsideration of his conviction and application for cancellation of removal in light of *Moncrieffe*, a newly-decided Supreme Court case. Petitioner made no reasoned argument, however, to support his assertion that, under *Moncrieffe*, his state conviction for possession of drug paraphernalia did not disqualify him from cancellation of removal. Indeed, he did little more than copy portions of the reporter-prepared syllabus preceding the Supreme Court's decision in *Moncrieffe*, inserting facts relevant to his case in place of the facts pertinent to Moncrieffe. He altogether failed to explain how or why the analysis in *Moncrieffe* applies to his case.

Despite the cursory nature of Petitioner's motion, the Board considered the decision in *Moncrieffe*, concluding that Petitioner failed to establish that *Moncrieffe* in any way affected the

decision regarding Petitioner's failure to prove his eligibility for cancellation of removal. The Board distinguished *Moncrieffe*, which addressed the question of whether a state drug conviction "categorically fits within the 'generic' federal definition of a corresponding aggravated felony," *Moncrieffe*, 133 S. Ct. at 1684, from Petitioner's case, which concerns the question of whether a conviction for possession of drug paraphernalia constitutes a violation of state law "relating to" a controlled substance.[3] Unpersuaded that *Moncrieffe* cast doubt on the IJ's decision regarding the disqualifying effect of Petitioner's Ohio drug-paraphernalia conviction, the Board denied the motion to reopen.

Petitioner's arguments before this court are equally unconvincing. Indeed, based upon our review of *Moncrieffe*, the parties' briefs, and the administrative record, we find that Petitioner has failed to carry his heavy burden to establish that the Board abused its discretion in rejecting Petitioner's *Moncrieffe*-based arguments and denying his motion to reopen.[4]

**PETITION DENIED**.

---

[3] We note that the court in *Rojas v. Att'y Gen. of the United States*, 728 F.3d 203, 214-16 (3d Cir. 2013) (en banc), decided that the question presented in *Moncrieffe* was qualitatively different from the question of whether a state drug conviction "relates to" a controlled substance. While the *Rojas* court acknowledged that the categorical approach is typically used to determine whether one crime fits the generic definition of another crime, the court determined that the categorical approach is *not* appropriate when the question is whether a crime "relates to" a controlled substance. *Id.* In that instance, the court wrote, the categorical approach is a "red herring," the use of which would produce "odd results." *Id.* at 216, n.14. However, in *Mellouli v. Holder*, 719 F.3d 995,1000 (8th Cir. 2013), *cert. granted*, No.13-1034, 2014 WL 796807 (June 30, 2014), the Eighth Circuit endorsed the use of the categorical approach in determining if a state drug paraphernalia conviction is a violation of the law "relating to a controlled substance" within the meaning of 8 U.S.C. § 1227(a)(2)(B)(i).

[4] Some states that have adopted the Uniform Controlled Substances Act have added a small number of substances to the hundreds of substances listed in the federal schedules. Asserting that Ohio is one such state, Petitioner argues—for the first time—that because the term "controlled substance" is defined more broadly by the State of Ohio than by the federal Controlled Substances Act, his conviction does not necessarily relate to a federally-controlled substance and, therefore, is not a conviction that makes him ineligible for cancellation of removal under 8 U.S.C. § 1182(a)(2)(A)(i)(II). Having been raised for the first time on appeal of the Board's denial of Petitioner's motion to reopen, this issue is not properly before us for review.